UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
EDWARD WARE,
    Petitioner,

-against-                       **MEMORANDUM & ORDER**

WARDEN TERRELL,            10 CV 1315 (RJD)
    Respondent.
----------------------------------------------------X
DEARIE, Chief Judge.

    On December 21, 2006, petitioner was sentenced in the District of New Hampshire to sixty-four months in prison for distributing crack cocaine in violation of 21 U.S.C. § 841(a)(1). He was incarcerated at FCI Fort Worth, Texas, until his transfer to a halfway house on December 23, 2009. While there, petitioner was charged with violations of the Bureau of Prisons Prohibited Acts Code including refusing to obey a staff order, violating a condition of a community program, and lying or providing a false statement to a staff member. On March 5, 2010, petitioner was taken into custody by the United States Marshals Service and remanded to the Metropolitan Detention Center in Brooklyn, New York, pending transfer back to FCI Fort Worth.

    On March 19, 2010, petitioner filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he was denied due process during the disciplinary proceedings that resulted in his removal from the halfway house and transfer to MDC. He claims that he did not receive written notice of the charges against him, he was denied a hearing and he was not provided with a written statement detailing the evidence relied upon to impose the disciplinary transfer. Further, he contends that because he has been harmed by his re-incarceration, exhaustion of his available administrative remedies would be futile.

In opposition papers dated May 24, 2010, respondent submitted an affidavit from Crista M. Colvin, Staff Attorney at MDC, dated May 24, 2010. The affidavit details the history of the disciplinary action against petitioner, and the exhibits include a Checklist for CDC Certification, dated February 3, 2010, indicating that he was given written notice of the charges before his appearance before the Center Discipline Committee, declined staff representation, waived his right to call witnesses, and did not submit any written documentation. A Center Discipline Committee Report, a Notice of Center Discipline Committee Hearing and an Inmate Rights at Center Discipline Committee Hearing form are attached. The Center Discipline Committee Report indicates that on February 1, 2010, petitioner was notified of the charges against him at 8:41 a.m. and a CDC hearing was held at 3:30 p.m. the same day. The exhibits also include a Waiver of 24 Hour Notice form signed by petitioner at 12:32 p.m.

On April 8, 2010, at MDC, petitioner was provided with a copy of the CDC report and advised to file an administrative remedy form within twenty days. (Colvin Aff. at ¶15, 27.) No administrative remedy was filed, and he did not timely challenge the disciplinary action administratively in any way. (Id. at ¶ 25-27.) Nonetheless, the BOP agreed to accept petitioner's BP-10 to appeal within 20 days of May 24, 2010. (Id. at¶ 28.)

According to respondent's status letter dated December 22, 2010, petitioner filed a BP-10 on June 14, 2010, challenging the disciplinary sanctions imposed at the halfway house. Relief was denied on July, 13, 2010. On August 10, 2010, he appealed by filing a BP-11. That application is presently pending before the BOP.

By letter dated January 5, 2011, to the undersigned, petitioner requests a court date before February 9, 2011, and advises that he is prepared to proceed. Attached to the letter is a

Discipline Hearing Officer Report, dated December 2, 2010, relating to a recent, unrelated incident on November 26, 2010, at MDC, resulting in a charge of narcotics possession.

Petitioner's full sentence expires on June 1, 2011. (Resp.'s Letter of 12/22/2010, at 2.) The record before the Court indicates that he has not yet completed the process of exhausting his administrative remedies relating to his removal from the halfway house. Petitioner is required to exhaust those remedies before bringing a petition here pursuant to Section 2241, and failure to do so can be excused only by a showing of "cause and prejudice." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001). Because the exhaustion requirement is prudential, however, it may be waived if "'(1) available remedies provide no genuine opportunity for adequate relief; (2) irreparable injury may occur without immediate judicial relief; (3) administrative appeal would be futile; and (4) in certain instances a plaintiff has raised a substantial constitutional question.'" Beharry v. Ashcroft, 329 F.3d 51, 62 (2d Cir. 2003) (quoting Able v. United States, 88 F.3d 1280, 1288 (2d Cir.1996)). Under the circumstances here, petitioner has made no such showing.

## CONCLUSION

The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is dismissed without prejudice for the reasons set forth above. A certificate of appealability will not issue. 28 U.S.C. § 2253. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith, and therefore, *in forma pauperis* status is denied for purposes of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
　　　January 27, 2011

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Court